IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WILLIAM LESLIE LEE,**
      Petitioner,

vs.                           Case No. 5:05cv239/SPM/MD

**JAMES CROSBY,**
      Respondent.

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Upon review of the petition and the court's own records, the undersigned concludes that the petition should be dismissed as an unauthorized second or successive petition.

In this habeas action, petitioner challenges his conviction and sentence for sexual battery of a child less than 12 years of age entered in the Circuit Court of Bay County, Florida on September 17, 1992. Petitioner asserts he was denied effective assistance of trial counsel based on four grounds. Petitioner admits on the petition form that he previously filed a § 2254 petition in federal court regarding the validity of his confinement. (Doc. 1, p. 3). The court's records confirm that on May 13, 1998 petitioner filed a § 2254 petition in this court challenging the same conviction and sentence. (*See Lee v. Singletary*, Case Number 5:98cv135/RH/MD). That petition was denied on October 5, 1999. (*Id.*, docs. 13, 16 & 17).

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 135 L.Ed.2d 827 (1996); *In re Medina*, 109 F.3d 1556 (11th Cir. 1997). Accordingly, on December 7, 2005 this court entered an

order directing petitioner to show cause why this case should not be dismissed. (Doc. 5). In response, petitioner asserts that his prior petition "was dismissed without prejudice and/or without adjudication on the merits whereas the four claims petitioner submitted in it were not exhausted in state court." (Doc. 6, p. 1). Therefore, petitioner argues, the instant petition is not a second or successive habeas corpus application within the meaning of the AEDPA. Petitioner mischaracterizes the disposition of his prior petition.

The Report and Recommendation entered by the undersigned in case number 5:98cv135/RH/MD recommended that the petition be denied because each of the grounds petitioner raised was procedurally defaulted and, even if not procedurally defaulted, without merit. (*See* 5:98cv135, doc. 13). The district judge accepted the Report and Recommendation, adopted it as the opinion of the court, and denied the petition. (*Id.*, docs. 16 & 17). Based on the foregoing, the undersigned concludes that the instant petition is second or successive. It is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit Court of Appeals in order to file this petition.[1] This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition. *See Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir.), *cert. denied*, 123 S.Ct. 15, 153 L.Ed.2d 878 (2002). For this reason, this case will be dismissed without prejudice to allow petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

Accordingly, it is respectfully RECOMMENDED that this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE, and the clerk be directed to send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 30th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] In his response to the order to show cause, petitioner further argues that this court should accept his second habeas petition "because his illiteracy has precluded him from properly demonstrating his illegal detention." (Doc. 6, p. 2). This argument does not overcome the requirements of § 2244(b)(3)(A) and Rule 9 of the Rules Governing Section 2254 Cases.

*Case No: 5:05cv239/SPM/MD*

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  A copy of any objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**